IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,                                    No. CIV S-07-1538-FCD-CMK-P

      Plaintiff,

    vs.                                                  FINDINGS AND RECOMMENDATIONS

ACCESS SECUREPAK,

      Defendant.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on July 30, 2007.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by a specific defendant which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Petitioner names one defendant in his complaint, Access SecurePak. Access SecurePak appears to be a company plaintiff ordered food products from, which was not received by plaintiff in a timely manner. The reason it was not received timely appears to be due to delays in sending out the order as well as the package being held by the prison upon arrival. Plaintiff claims discrimination of the equal protection clause, due process violations and discrimination. He is requesting the prison to send his package back to Access and refund his money. He is also requesting money damages.

## II. DISCUSSION

Plaintiff's complaint fails to state a claim upon which relief can be granted. In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988), Johnson v. Knowles, 113 F.3d 1114, 1118 (9th Cir. 1997).

Most rights secured by the Constitution are a protection only against violations by the government. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982). Conduct which would amount to state action for purposes of the Fourteenth Amendment is action under

the color of state law for purposes of § 1983.  See West, 487 U.S. at 49; but see Lugar, 457 U.S. at 935 n. 18 (stating the opposite is not true; not all conduct which satisfies the under-color-of-state-law requirement would satisfy the Fourteenth Amendment requirement of state action.)

> To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor."

West, 487 U.S. at 49 (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id.

Plaintiff's complaint here fails under the first prong.  Defendant Access SecurePak was not acting under color of state law or exercising a power possessed by virtue of state law.  Access SecurePak is a private company plaintiff purchased food products from.  This food was received at the prison where plaintiff is housed.  Plaintiff's complaint is that he did not receive the food in a timely manner, and he does not want to pay for six month old stale food. Plaintiff does not allege, nor can he, any facts which would imply defendant was acting under color of state law.  Very liberally read, plaintiff's complaints may be able to state a cause of action against the individual prison guards.  However, plaintiff has not named any defendant to this action other than Access SecurePak.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts

in the plaintiff's favor.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  Taking all the facts alleged as true, Plaintiff cannot state a claim against the named defendant.  He is not able to show the named defendant has acted under color of state law.  This is a requirement to state a claim for relief under § 1983.  Therefore, his complaint should be dismissed without leave to amend.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 30, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE